**\*E-FILED 4/29/08\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE RUIZ, et al.,<br><br>        Plaintiffs,<br>   v.<br><br>ED RICHARD DISCING, INC., et al.,<br><br>        Defendant.<br>_____/ | NO. C 07-01593 JF (RS)<br><br>**ORDER GRANTING MOTION TO COMPEL AND DENYING MOTION FOR SANCTIONS** |

      This action seeks to recover what plaintiffs contend was unpaid overtime. Plaintiffs move to compel the production of documents, and they seek monetary sanctions. The Court finds this matter suitable for disposition without oral argument, pursuant to Civil Local Rule 7-1 (b).

      The record shows, as explained in more detail below, that the motion to compel arose from a misunderstanding by plaintiffs' counsel as to options available to a party responding to a document request under Rule 34 of the Federal Rules of Civil Procedure. Defendants have never objected to producing the documents that are the subject of the motion. The controversy has related solely to responsibility for the costs of copying the documents and delivering them to plaintiffs' counsel.

      Defendants initially assembled documents responsive to plaintiffs' document request at the end of December of 2007, and advised plaintiffs that the documents were available. Defendants specifically asked how plaintiffs wanted to obtain the documents, offering as one option bringing in

1

a commercial copy service. After substantial delay by plaintiffs, and some back and forth over responsibility for costs, those documents were delivered to plaintiffs' counsel in March of 2008.

Plaintiffs subsequently asserted that additional documents existed and should be produced. Plaintiffs, however, expressly denied that they had any obligation to pay the costs of such further production, and insisted that the documents be produced at the office of plaintiffs' counsel. Counsel for defendants declares that he *agreed* to produce the additional documents. While that agreement is not expressly memorialized in the parties' written correspondence, neither does anything in that correspondence suggest that defendants ever objected to making a further production. Defense counsel did suggest that he needed to confer with his client regarding the demands plaintiffs were making.

Before hearing back from defendants, plaintiffs then filed these motions.[1] In response, defendants advised plaintiffs that the documents were available and would be produced once plaintiffs agreed to pay the copying charges. In the alternative, defendants suggested that plaintiffs could send a copying service to make copies. Plaintiffs then agreed that they would "pay the costs for merely copying the documents, which is costs for copying through automatic feeder [sic]."

Thus, at this juncture the parties are in agreement that: (1) the documents will be produced, and (2) plaintiffs will pay reasonable charges for copying the documents. Plaintiffs may be correct that where a party refuses or fails to produce documents until after a motion to compel has been filed, neither the motion to compel nor any accompanying motion for sanctions should be seen as moot. Indeed, because the documents in dispute here have apparently not yet been produced, the motion will be "granted" in a technical sense. That said, this is a dispute that should never have risen to a level requiring Court intervention.

Rule 34, by its terms, only authorizes a party to "inspect, copy, test, or sample" documents, electronically stored information, or other tangible things, at a "reasonable time [and] place." Thus,

---

[1] Plaintiffs are advised to review Civil Local Rule 7-2 (b), which calls for the notice of a motion to be contained in the same document as the supporting points and authorities. Although the rules in the state courts of California call for the notice to appear in a separate document, counsel appearing in this Court are expected to be familiar with, and to adhere to, the rules applicable in this forum.

2

1 even though under modern practice a producing party often makes copies, "bates stamps" them, and
2 transmits them to the demanding party, nothing in the Rules give a demanding party the *right* to
3 receive a production in that fashion, or to shift copying costs to the producing party. Here, plaintiffs
4 at most might have an *argument* that requesting production at their counsel's office was
5 "reasonable," but even if that were so, defendants' only obligation would be to present the *original*
6 documents at the office of plaintiffs' counsel for inspection and copying *at plaintiffs' expense.*

7 In short, plaintiffs never had the right to demand that defendants bear any of the costs of
8 making copies of the documents produced.[2] Plaintiffs never had the right to demand that defendants
9 bear any costs of expedited delivery of copies of the documents. Although production of original
10 documents at the offices of a demanding party's attorney might be "reasonable" in some
11 circumstances, plaintiffs have not shown it would be reasonable here. Accordingly, good cause
12 appearing, IT IS HEREBY ORDERED THAT:

13 1. At a time to be agreed to between the parties, but not more than five business days from
14 the date of this order, plaintiffs shall arrange for a commercial copy service to obtain copies of the
15 documents at issue at the offices of defendants or their counsel, as defendants' counsel may direct;
16 or

17 2. In the alternative, upon plaintiffs' agreement to pay reasonable copying charges as may be
18 demanded by defendants' counsel,[3] defendants shall mail copies of the documents at issue to
19 plaintiffs' counsel within five days of the date of this order. Such materials shall be sent by
20 overnight carrier if plaintiffs agree to pay the charges for doing so.

21 3. Plaintiffs' motion for sanctions is denied. Defendants's request for sanctions included in

---

[2] Plaintiffs apparently suggested that to the extent they pay for any such costs during discovery, those costs would be recovered from defendants after trial. Even assuming such costs are recoverable by a prevailing party, that does not relieve plaintiffs from paying them prior to an adjudication on the merits.

[3] It is unclear what plaintiffs meant by their offer to pay "for merely copying the documents . . . . through [an] automatic feeder." To the extent plaintiffs mean they are not obligated to pay for time defendants incurred in compiling responsive documents, they are correct. To the extent, however, that plaintiffs assert they are only liable for costs of copying through an "automatic feeder," that would depend on the nature of the responsive documents. For example, if the responsive documents include materials that are bound or that are in a size that cannot be copied through an automatic feeder, additional copying costs could be warranted.

their opposition to the motion to compel is also denied, both because imposition of sanctions is not warranted under all the circumstances, and because the request does not comply with Civil Local Rule 7-8.

IT IS SO ORDERED.

Dated: 4/29/08

_____
RICHARD SEEBORG
United States Magistrate Judge

ORDER GRANTING MOTION TO COMPEL AND DENYING MOTION FOR SANCTIONS
C 07-01593 JF (RS)

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Rod Divelbiss     rdivelbiss@collette.com

Robert S. Lawrence     rlawrence@collette.com, kdavis@collette.com, rdivelbiss@collette.com

Adam Wang     waqw@sbcglobal.net

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 4/29/08**                                                         **Richard W. Wieking, Clerk**

                                                                                    **By:        Chambers**

ORDER GRANTING MOTION TO COMPEL AND DENYING MOTION FOR SANCTIONS
C 07-01593 JF (RS)

5